UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAMELA KINCAID, et al.,**<br><br>            **Plaintiffs,**<br><br>     **v.**<br><br>**CITY OF FRESNO, et al.,**<br><br>            **Defendants.** | **1:06-CV-1445 OWW SMS**<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT KEMPTON'S MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE** |

## 1. INTRODUCTION

This matter comes before the court on Defendant Will Kempton's ("Kempton") motion to dismiss Plaintiffs' claims against him under 42 U.S.C. § 1983. Plaintiffs' claims are brought against Kempton in his official capacity as the Director of the California Department of Transportation ("Caltrans"). Plaintiffs allege that Kempton, along with other named defendants, engaged in a pattern and practice of constitutional violations against Plaintiffs while conducting clean up efforts throughout the City of Fresno. Plaintiffs oppose Defendant Kempton's motion to dismiss.

## 2. PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint on October 17, 2006. (Doc. 1, Complaint.) Plaintiffs filed their Second Amended Complaint ("SAC") on March 1, 2007. (Doc. 113, SAC.)

1  Defendant Kempton filed a motion to dismiss the claims against
2  him on January 12, 2007.  (Doc. 96, Defendant's Motion to
3  Dismiss.)  Plaintiffs filed their opposition on February 23,
4  2007.  (Doc. 110, Opposition to Defendant's Motion to Dismiss.)
5  Defendant Kempton filed his reply on March 2, 2007.  (Doc. 115,
6  Reply to Plaintiffs' Opposition.)

### 3. **FACTUAL BACKGROUND**

This case concerns a number of clean up operations conducted by Defendants.  For more than a year, Defendants implemented a policy of taking and destroying personal property of homeless individuals in an effort to clean up the City of Fresno.  (Doc. 113,SAC, ¶ 38.)  A number of these clean up efforts occurred on property belonging to Caltrans, including the raids on May 3, 2006, May 25, 3006, June 22, 2006, and August 26, 2006.

Defendant Kempton is the Director of Caltrans.  (Doc. 113, SAC, ¶ 25.)  Kempton is responsible for the enforcement, operation, and execution of all duties vested by law in Caltrans. (*Id.*)  Plaintiffs sue Kempton only in his official capacity and only for violation of federal law.  (*Id.*)

Plaintiffs allege that Kempton's acts in his official capacity with Caltrans were executed under a custom, policy, and practice by the agency against Plaintiffs in violation of their Constitutional rights.  (*Id.*, ¶ 30.)  Plaintiffs allege that Kempton in his official capacity acted jointly or conspired with other defendants to authorize, acquiesce or set in motion policies and plans that led to unlawful conduct against Plaintiffs.  (*Id.*)  Plaintiffs further allege that Caltrans

**2**

officials and employees had prior knowledge of raids on Caltrans property from the City. (*Id.*, ¶ 46.) According to Plaintiffs' complaint, Defendant Capt. Garner notified Caltrans that any items belonging to the homeless found on Caltrans property will be taken as "trash" and disposed of. (*Id.*) The City's clean up operations resulted in the systematic and immediate destruction of Plaintiffs' personal property. On August 25, 2006, Caltrans issued an encroachment permit which authorized the City to conduct a cleanup operation and to construct a fence at the location where homeless individuals were staying. (*Id.*) This clean up operation resulted in the immediate destruction of property belonging to homeless individuals. (*Id.* at 47.)

### 4. **MOTION TO DISMISS**

Fed. R. Civ. P. 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." However, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored and rarely granted. The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and

3

1 draw[s] all reasonable inferences" in the light most favorable to
2 the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th
3 Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983
4 (9th Cir. 2002).  A court is not "required to accept as true
5 allegations that are merely conclusory, unwarranted deductions of
6 fact, or unreasonable inferences." *Sprewell v. Golden State*
7 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**A.   Discussion**

Defendant Kempton argues that Plaintiffs' complaint against him in his official capacity and against Caltrans should be dismissed for failure to state a claim upon which relief can be granted.  Kempton argues that Plaintiffs have failed to allege any facts against him that his conduct was improper.  Plaintiffs sue Defendant Kempton in his official capacity and not in his personal capacity.  The Supreme Court explained the distinction in *Kentucky v. Graham*, 473 U.S. 159, 165 (1985):

> "Personal capacity suits seek to impose personal liability upon a government official for actions he takes under the color of state law.  Official capacity suits, in contrast generally represent only another way of pleading an action against an entity of which an officer is an agent.  As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity."

Thus, Plaintiffs' complaint need not allege facts regarding Defendant Kempton's conduct acting as an individual as Plaintiffs

**4**

bring the claim against Kempton only in his official capacity. Plaintiffs need only allege sufficient actions by Defendant Kempton in his capacity as the Director of Caltrans to state an official capacity claim.

Kempton also argues that Plaintiffs have failed to give fair notice of their claims against Kempton and have further failed to assert any grounds for the alleged wrong. The United States Supreme Court has rejected the application of a heightened pleading standard in 42 U.S.C. § 1983 actions alleging municipal liability. *Empress LLC v. City & County of San Francisco*, 419 F.3d 1052, 1055 (9th Cir. 2005); *see also, Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1137 (N.D. Cal. 2000) (The Court rejects a judicially crafted heightened pleading standard for civil rights cases; instead such claims need only comply with Fed. R. Civ. P. 8(a).) The Supreme Court has stated that the common law developed a heightened pleading standard, which requires a plaintiff's complaint to state with factual detail and particularity the basis for the claim, cannot be reconciled with the Federal Rules' liberal system of notice pleading. *Id*. Heightened pleading standards should only be applied when required by the Federal Rules. *Id.*

Plaintiffs have alleged the following in their complaint:

1. Kempton's acts in his official capacity with Caltrans were executed under a custom, policy, and practice by the agency against Plaintiffs in violation of their Fourth and Fourteenth Amendment rights.

**5**

2. Kempton in his official capacity acted jointly or conspired with other defendants to authorize, acquiesce or set in motion policies and plans that led to unlawful conduct against Plaintiffs.

3. Caltrans officials and employees, including Kempton, had prior knowledge of raids on Caltrans property from the City and that such raids resulted in the immediate destruction of property belonging to Plaintiffs.

4. A number of the City's clean up efforts occurred on property belonging to Caltrans, including the raids on May 3, 2006, May 25, 2006, June 22, 2006, and August 26, 2006.

5. Despite knowledge of the destruction, Defendant Kempton acting on behalf of Caltrans issued an encroachment permit which authorized the City to conduct the clean up operations and to construct a fence at the location where homeless individuals were residing.

6. Caltrans actions pursuant to this pattern and practice were in violation of Plaintiffs' Fourth and Fourteenth Amendment rights.

Plaintiffs provide sufficient factual allegations of Defendant Caltrans' involvement in the alleged Fourth and Fourteenth Amendment deprivations suffered by Plaintiffs to satisfy Rule 8(a). The claims adequately state that Defendant Caltrans and Kempton ratified with knowledge the collection and

6

destruction of Plaintiffs' property. Plaintiffs only sue Defendant Caltrans for equitable relief, seeking to enjoin future unconstitutional actions by the agency and its employees. If the evidence establishes that it was Caltrans' custom or practice to request, or authorize, or acquiesce in the City's clean up operation on Caltrans property, this could provide the basis for equitable relief under the facts alleged in the complaint. However, under Rule 8(a) and its liberal pleading standards, Plaintiffs have sufficiently stated a claim for equitable relief against Defendant Kempton in his official capacity for Fourth and Fourteenth amendment violations.

Defendant Kempton's motion to dismiss for failure to state a claim under Rule 8(a) is **DENIED**.

### B. Eleventh Amendment

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any such suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by the Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment bars suits against a state for damages or injunctive relief, unless the state has consented to or waived immunity, or Congress has validly abrogated the same. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996); *In re Harleston*, 331 F.3d 699, 701 (9th Cir. 2003). The Eleventh Amendment's "reference to actions against one of the United States encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997);

*see also Ulaleo v. Paty*, 902 F.2d 1395, 1398 (9th Cir. 1990). Caltrans is an arm of the State of California entitled to immunity. *See Natural Resources Defense Council v. California Department of Transportation,* 96 F. 3d 420, 423 (9th Cir. 1996).

"However, under *Ex Parte Young,* 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 (1908), 'a state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983, because official capacity actions for prospective relief are not treated as actions against the State.'" *Wolfe v. Strankman*, 392 F.3d 358, 365 (9th Cir. 2004). "The *Ex parte Young* doctrine is founded on the legal fiction that acting in violation of the Constitution or federal law brings a state officer into conflict with the superior authority of the Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Cardenas v. Anzai*, 311 F.3d 929, 936 (9th Cir. 2002)  In determining whether the doctrine of *Ex parte Young* avoids the Eleventh Amendment bar to suit against a state, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997); *see also, Acs of Fiarbanks, Inc. v. GCI Commun. Corp.,* 321 F.3d 1215, 1216 (9th Cir. 2003).  The inquiry into whether suit can be maintained under *Ex parte Young* does not include an analysis of the merits of the claim. *Couer d'Alene,* 521 U.S. at 281. An allegation of an ongoing violation of federal

**8**

law is ordinarily sufficient.  *Id.*

Defendant Kempton argues that Plaintiffs' suit against him is barred by the jurisdictional bar of the Eleventh Amendment. However, Plaintiffs have sued Defendant Kempton in his official capacity for prospective injunctive and declaratory relief. Plaintiffs do not seek damages.  Plaintiffs' claims against Kempton fall within the *Ex Parte Young* exception to sovereign immunity and are properly brought under § 1983. *see, Wolfe*, 392 F.3d at 365.  Plaintiffs allege that they have suffered ongoing constitutional violations as a result of Defendant Kempton's actions in his official capacity as the Director of Caltrans.  In their complaint, Plaintiffs seek to enjoin Kempton, as well as the actions of other named Defendants, from allegedly seizing and permanently destroying their property.  These allegations are sufficient to invoke the *Ex parte Young* exception.

Defendant Kempton's motion to dismiss based on Eleventh Amendment sovereign immunity is **DENIED**.

**C.   Unclean Hands**

The unclean hands doctrine is based on the equitable maxim that denies equitable relief to one who has engaged in bad faith or inequitable behavior with respect to the subject matter of the claims.  *EEOC v. Recruit U.S.A., Inc.*, 939 F.2d 746, 752 (9th Cir. 1999).  This maxim has not been applied where Congress authorizes broad equitable relief to serve important national policies.  *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 360 (1995).  "The clean hands doctrine should not be strictly enforced when to do so would frustrate a substantial public

9

interest." *Recruit U.S.A., Inc.*, 939 F.2d at 753. "The maxim that he who comes into equity must come with clean hands is not applied by way of punishment for an unclean litigant but upon considerations that make for the advancement of right and justice." *Id.* The unclean hands doctrine is not a doctrine that is applied strictly, but rather a formula left to the discretion of the court. *Id.*

Defendant Kempton argues that to permit the relief sought by Plaintiffs would cede the state's authority to maintain its rights of way to trespassers and to safely manage state highways and adjoining rights of way. According to Defendant, the state must be able to maintain its property in a manner that insures safety for the homeless, motorists, and its own employees. However, Defendant Kempton does not argue that Plaintiffs acted in bad faith or violated conscience with their conduct. *see, Bennett v. Lew,* 151 Cal. App. 3d 1177, 1187 (Cal. Ct. App. 1984)(traditionally, the doctrine of unclean hands is invoked when one seeking relief in equity has violated conscience, good faith or other equitable principles in his prior conduct.)

Plaintiffs bring a § 1983 action for violation of Fourth and Fourteenth Amendment rights resulting from alleged unlawful destruction of their personal property. Plaintiffs have alleged that Defendant Kempton in his official capacity was jointly involved with other named Defendants in implementing a custom, pattern, and practice of discrimination that resulted in the illegal seizure and destruction of their personal property. Plaintiffs allege that Caltrans allowed and authorized the clean

**10**

up efforts on its property with knowledge that these efforts would result in the immediate seizure and destruction of Plaintiffs' property.  Plaintiffs do not dispute that they were present on Caltrans property.  However, it would be inequitable for Plaintiffs' unauthorized presence on Caltrans property to result in the divestiture of their right to pursue a claim for alleged Constitutional violations.  A determination on the merits of Plaintiffs allegations serves an important policy interest. To dismiss the claims against Defendant Kempton at this stage based on the maxim of unclean hands would frustrate the purpose of § 1983.  The unclean hands defense, if applicable, is inherently factual and cannot be decided on a pleading motion.

Defendant Kempton's motion to dismiss based on unclean hands is **DENIED**.

### 5. MOTION FOR A MORE DEFINITE STATEMENT

If a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e). A Rule 12(e) motion for a more definite statement must be considered in light of the liberal pleading standards set forth in Fed. R. Civ. P. 8(a)(2).  *See, e.g., Bureerong v. Uvawas*, 922 F. Supp 1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading

**11**

requirements of the Federal Rules.")  The Court must deny the motion if the complaint is specific enough to notify defendant of the substance of the claim being asserted.  *See Bureerong*, 922 F. Supp. at 1461; *see also San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail....").  Whether to grant a Rule 12(e) motion for a more definite statement lies within the discretion of the district court.  *See Stout*, 946 F. Supp. at 804.

Defendant Kempton argues that Plaintiffs' allegations are so vague and ambiguous that he cannot reasonably be required to frame a responsive pleading absent a more definite statement of the allegation against him.  At a minimum, Defendant argues that Plaintiffs should be required to provide a more definite statement of their allegations against Defendant Kempton.

However, Plaintiffs only sue Defendant Kempton in his official, not individual, capacity.  Plaintiffs have alleged that Kempton's acts in his official capacity with Caltrans were executed under a custom, policy, and practice by the agency against Plaintiffs.  Plaintiffs have also alleged that Caltrans officials and employees, including Kempton, had prior knowledge of raids on Caltrans property from the City, that such raids resulted in the immediate destruction of Plaintiffs' property, and that, despite this knowledge, authorized and permitted the City to continue to conduct the raids and destroy Plaintiffs' property.  Plaintiffs' allegations are sufficient to put Defendant Kempton on notice regarding the substance of the claims

**12**

against him in his official capacity.

Defendant's motion for a more definite statement pursuant to Rule 12(e) is **DENIED**.

### 6. MOTION TO STRIKE

Fed. R. Civ. P. 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading." Fed. R. Civ. P. 12(f). "[O]nly pleadings are subject to motions to strike." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, a "motion to strike" materials that are not part of the pleadings may be regarded as an "invitation" by the movant "to consider whether [proffered material] may properly be relied upon." *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999) (quoting *Monroe v. Board of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975).

Motions to strike are disfavored and infrequently granted. *See Pease & Curran Ref., Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990), abrogated on other grounds by *Stanton Road Ass'n v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (citation omitted).

Kempton argues that he should be stricken from the Plaintiffs' second amended complaint because he is an immaterial

**13**

and impertinent party to this action and because Plaintiffs have made no charging allegations against him. According to Kempton, Plaintiffs admit that he had no involvement in the controversy because Plaintiffs did not involve him or Caltrans in the TRO or Preliminary Injunction proceedings.

Plaintiffs have sufficiently alleged facts against Kempton in his official capacity, including knowledge and ratification of unconstitutional seizures. The fact that Plaintiffs did not involve Kempton or Caltrans in the TRO or Preliminary Injunction proceedings does not constitute an admission that Kempton had no involvement in the controversy. Plaintiffs have alleged that Kempton's acts in his official capacity with Caltrans were executed under a custom, policy, and practice by the agency in affirming violation of Plaintiffs constitutional rights. Plaintiffs allegations are sufficient to put Defendant Kempton on notice of the claims against him in his official capacity. It cannot be said that Defendant Kempton's actions have no possible bearing on the subject matter of this litigation.

Defendant Kempton's motion to strike is **DENIED**.

### 7.   CONCLUSION

Defendant Kempton's motion to dismiss for failure to state a claim under Rule 8(a) is **DENIED**.

Defendant Kempton's motion to dismiss based on Eleventh Amendment sovereign immunity is **DENIED**.

Defendant Kempton's motion to dismiss based on unclean hands is **DENIED**.

Defendant's motion for a more definite statement pursuant to Rule 12(e) is **DENIED**.

Defendant Kempton's motion to strike pursuant to Rule 12(f) is **DENIED**.

IT IS SO ORDERED.

**Dated:   March 16, 2007**                              /s/ Oliver W. Wanger
dd0l0                                                   UNITED STATES DISTRICT JUDGE

**15**