UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA KINCAID, etc., et al.,<br><br>          Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, et al.,<br><br>          Defendants.<br>_____/ | 1:06-cv-01445-OWW-SMS<br><br>**ORDER RE: DEFENDANTS WILL KEMPTON, JAMES PROVINCE, AND DARYL GLENNS' MOTION TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY AND OTHER EVIDENCE, OR, IN THE ALTERNATIVE TO COMPEL PRODUCTION OF EXPERTS' REPORTS AND FOR MONETARY SANCTIONS** (Doc. 173) |

     Caltrans Defendants Will Kempton, James Province, and Daryl Glenn ("Caltrans") filed their motion to exclude Plaintiffs' expert testimony and other evidence, or, in the alternative to compel production of experts' reports and for monetary sanctions on February 15, 2008 (Doc. 173). Thereafter, on March 11, 2008, the parties filed their joint statement pursuant to Local Rule 251. Defendants City of Fresno, Alan Autry, Jerry Dyer, Greg Garner, John Rogers, Reynaud Wallace, and Phillip Weathers ("City") filed a supplement(s) to the joint statement on March 13, 2008 (Doc. 230 & 231).

//

1

1  The Court has read and considered the original noticed
2 motion, together with its declarations and exhibits, as well as
3 the joint statement and supplement(s) to that statement.  The
4 Court requires no hearing nor any further argument and hereby
5 rules summarily.
6  It is unfortunate that this Court apparently failed to
7 adequately communicate its patterns and practices with regard to
8 discovery disputes of the nature focused upon in the herein
9 motion.  Since this Court held at least four (4) prior informal
10 telephonic conferences with all counsel concerning deposition
11 scheduling and the alleged tardiness of one party's response to
12 outstanding discovery, it was this Court's belief that all
13 parties understood the philosophy behind holding informal
14 telephonic conferences prior to spending possibly/ probably
15 unnecessary time, energy, and money putting together pleadings
16 for issues that could be resolved much more expeditiously.
17 Nonetheless, the pleadings are before the Court, so deal with
18 them we shall.
19  The Court is aware of the scheduling order of March 7, 2007
20 (Doc. 117), as well as Judge Wanger's sincere desire to hold to
21 the schedule as set forth therein to the extent possible given
22 the ongoing exigency of the subject matter and position of all
23 the parties in this lawsuit.  That said, things happen.  And, a
24 review of the docket of this case reveals more than the
25 pleadings:
26 ///
27 //
28 /

2

| DATE | DOCS | EVENT/FILING |
|---|---|---|
| 10/17/06 | 1 | Complaint for Declaratory/Injunctive Relief |
| 10/17-24/06 | 3-34 | Parties focusing on Temporary Restraining Order |
| 10/24/06-11/22/06 | 34-80 | Parties focusing on Preliminary Injunction |
| 1/12/07 | 96-98 | Defendants file Motion to Dismiss |
| 2/7/07 | 99 | Plaintiffs file First Amended Complaint |
| 2/22/07 | 108 | Plaintiffs file Second Amended Complaint |
| 3/1/07 & 3/7/07 | 112, 117 | Scheduling Conference/Order Re: Scheduling |
| 3/1-30/07 | | *[Parties obviously busy during this period of time, quieting the pleadings, stipulating for extensions of time to answer second amended complaint, preparing position papers for motion to dismiss, scheduling case]* |
| 3/30/07-4/12/07 | 126-128 | Setting of, preparing for, and participating in a Settlement Conference with Judge Wanger |
| 6/15/07-9/28/07 | 131-159 | Parties focusing on Plaintiffs' Motion to Certify Class; hearing held on 7/30/07; Class Administration Hearing held on 9/17/07; notice to all Plaintiffs on 9/28/07 |
| **12/05/07** | 164 | **First discovery dispute of any significance comes to the attention of this Court** |
| 12/6-19/07 | 166-170 | Series of telephonic discovery dispute conferences focusing on City's alleged failure to produce documents and attend depositions.  Note: Attorney Betts was in trial in another matter before Judge Wanger, so conferences had to be rescheduled. |
| **2/15/08** | 173-179 | **The subject Motion To Compel filed** |
| 2/28/08 | 182-228 | Motion for Summary Judgment filed and thereafter listings of filings from all parties re: Summary Judgment |

//

/

3

This case is time sensitive, and all parties appear to have been extremely busy on several fronts since the lawsuit was filed some seventeen (17) months ago.  Obviously discovery has to have been ongoing while motion practice has been taking place in the district court.  And, to the best of everyones' ability, it would appear, compliance with Judge Wanger's scheduling order has been attempted.  Plaintiffs did disclose their experts on the date required of October 1, 2007.  As set forth in the Joint Statement ("JS"), the reports mandated by FRCP 26 were not forthcoming as Plaintiffs were waiting for the documents that were the subject of the telephonic discovery dispute conferences held with this Court in December, 2007.  Caltrans argues "[b]y [Plaintiffs'] own admission, the reason for not producing the required reports (an alleged but unidentified discovery dispute with the City Defendants) had absolutely nothing to do with any alleged act or admission by the Caltrans Defendants."  (JS p. 4)  While that may be, it makes little sense to require or expect an expert to prepare partial reports or a report regarding evidence as to one defendant, only to be amended then probably amended yet further, inviting other forms of discovery disputes having to do with "moving target opinions" by experts, etc.  However, the Court does agree with Caltrans counsel that it was wholly inappropriate for Plaintiffs' counsel to "ignore" Caltrans communications of December 19, 2007 and January 3, 2008 regarding discovery issues.  (Motion p. 7 and Exhibits 4 & 5)

What, in the final analysis, is the prejudice?  Plaintiffs opine they have offered "a practical and effective resolution to the issues raised by Caltrans' motion..."  (JS p. 5)  And, they

4

1  argue the City Defendants are agreeable to the resolution.  In
2  fact, the City "elected not to submit any contentions as to this
3  motion or the disputes therein."  (JS p. 7)  Unless or until
4  Caltrans submits that, for example, responding to the motion(s)
5  for summary judgment is made difficult due to lack of experts'
6  reports, the Court sees no real problem or prejudice with the
7  resolution proposed by Plaintiffs, to wit, the production of Ms.
8  Liza Apper's report on or before April 4, 2008, and to make Ms.
9  Apper available for deposition on or before May 2, 2008.
10 Plaintiffs have withdrawn their second expert, Professor Snow.

### **Sanctions**

12     Caltrans argues they should not have been put to the
13 necessity of filing a motion.  Agreed, they should not have been.
14 Yet, both parties taking positions regarding this motion are to
15 blame:  Plaintiffs' counsel should have been more forthcoming
16 with responses to the letters mentioned above and the concern
17 discussed during the discovery dispute conferences with the Court
18 regarding how all remaining discovery was going to be completed
19 in time for the discovery cutoff deadline of January 31, 2008.
20 But, Caltrans counsel should have put together a telephonic
21 discovery dispute conference, and this matter would have been
22 resolved earlier and probably with other discovery matters worked
23 out as well.  Again, that is the habit and custom of this Court,
24 as well as the other Magistrate Judges of the Fresno Division of
25 the Eastern District.  Therefore, the Court will not award
26 sanctions at this juncture.
27 //
28 /

**Conclusion**

Caltran's motion to compel production is GRANTED pursuant to Plaintiffs' proposal:

1. Plaintiffs shall provide an expert report from Liza Apper on or before **April 4, 2008**;

2. Plaintiffs shall make Ms. Apper available for deposition on or before **May 2, 2008**; and,

3. Defendants' request for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:   March 19, 2008**              /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE