HOWREY LLP
PAUL ALEXANDER (SBN 49997)
1950 University Ave., 4th Floor
East Palo Alto, CA 94303
Telephone: (650) 798-3500
Facsimile: (650) 798-3600
E-mail: alexanderp@howrey.com

HELLER EHRMAN LLP
ROBERT B. HAWK (SBN 118054)
MELYSSA E. MINAMOTO (SBN 245458)
ERIC LLOYD (SBN 254390)
275 Middlefield Rd.
Menlo Park, CA 94025-3506
Telephone: (650) 324-7000
Facsimile: (650) 324-0638
E-mail: robert.hawk@hellerehrman.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OREN SELLSTROM (SBN 161074)
ELISA DELLA-PIANA (SBN 226462)
131 Steuart Street
San Francisco, CA 94105
Telephone: (415) 543-9444
Facsimile: (415) 543-0296
E-mail: osellstrom@lccr.com

ACLU OF NORTHERN CALIFORNIA
ALAN L. SCHLOSSER (SBN 49957)
MICHAEL T. RISHER (SBN 191627)
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
E-mail: mrisher@aclunc.org

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA: FRESNO DIVISION

| | |
|---|---|
| Pamela Kincaid, Doug Deatherage, Charlene Clay, Cynthia Greene, Joanna Garcia, Randy Johnson, Sandra Thomas, Alphonso Williams, and Jeannine Nelson, Individually on Behalf of Themselves and All Others Similarly Situated,<br><br>                                            Plaintiff,<br>v.<br><br>City of Fresno, Alan Autry, Jerry Dyer, Greg Garner, Reynaud Wallace, John Rogers, Phillip Weathers, Will Kempton, James Province, Daryl Glenn, Individually and in Their Official Capacities; DOES 1-100, inclusive,<br><br>                                            Defendant. | Civil Action No.: 06-CV-1445-OWW<br><br>CLASS ACTION<br><br>**FINAL ORDER APPROVING SETTLEMENT** |

WHEREAS the Plaintiffs Pamela Kincaid, Doug Deatherage, Charlene Clay, Cynthia Greene, Joanna Garcia, Randy Johnson, Sandra Thomas, Alphonso Williams, and Jeannine Nelson, on behalf of themselves and each Plaintiff Settlement Class Member (as defined herein), by and through their counsel of record, have asserted claims for damages and injunctive relief against the City of Fresno, Alan Autry, Jerry Dyer, Greg Garner, Reynaud Wallace, John Rogers, Phillip Weathers (collectively the "City Defendants"), Will Kempton, James Province and Daryl Glenn (collectively the "Caltrans Defendants"), alleging violations of federal and state constitutional rights as well as violations of applicable state law;

WHEREAS the Plaintiffs and the City Defendants and the Caltrans Defendants, respectively entered into and executed separate Settlement Agreements and an associated Settlement Plan which have been filed with the Court; and

WHEREAS, the Court held a status conference re Settlement on June 6, 2008 where the Court found the proposed settlement reasonable and fair and preliminary settlement was granted; and

WHEREAS, the Court held a further hearing on June 10, 2008, at which hearing each of the City Defendants formally and in open Court agreed to the Settlement Agreement with the City Defendants and counsel for all parties indicated to the Court that they regarded the Settlement Agreement as binding; and

WHEREAS, the Court preliminarily approved the Settlement Agreements, Settlement Plan, Notice and Notice Procedure in an Order dated June 13, 2008; and

WHEREAS, it appears the Notice of the Settlement has been provided to the class as called for by the Court's Order Granting Preliminary Approval; and

WHEREAS, the Plaintiffs have filed with the Court a Motion for Final Approval of the Settlement Agreements, together with supporting documents, which include a Settlement Plan for providing notice of the Settlement Agreements to the Class, a plan for administering the settlement, and a claim form; and

WHEREAS, the Court has considered the Settlement Agreement between the Plaintiffs and the City Defendants, the Settlement Agreement between the Plaintiffs and the Caltrans Defendants,

and the pleadings and documents submitted in connection with the parties' request for final approval of the Settlement Agreement, and good cause appearing therefore; and

WHEREAS, in light of the nature of the Class and difficulties in ensuring that all valid claims have been made and received by July 18, 2008, and it appearing that an additional 28 days within which the Settlement Administrator would have the authority and discretion to receive claim forms and deem them valid would be in the interests of justice; and

WHEREAS, the Court held a hearing on July 25, 2008 to consider the final approval of the Settlement Agreement with the City Defendants, the Settlement Agreement with the Caltrans Defendants, and the Settlement Plan, and any objection to the foregoing filed before or at the time of the hearing;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over this action and each of the parties in this action.

2. The Court finds that the Settlement Agreement with the City Defendants, the Settlement Agreement with the CalTrans defendants, and the Settlement Plan appear to have resulted from arms-length negotiations by and among counsel who were reasonably skilled and prepared and who represented the best interests of their respective clients in negotiating the Settlement Agreement and the Settlement Plan.  The settlement negotiations that led to the Settlement Agreements took place in a mediation session supervised by Magistrate Judge Snyder. This provides the Court with further assurance that the negotiations leading to the Settlement Agreements and Settlement Plan were good faith, arms-length negotiations, which appropriately considered the risks of trial, the potential recovery, and all other relevant factors leading to the Settlement Agreements.

3. Based on all the facts and circumstances, the Court finds that Settlement Agreement with the City Defendants, the Settlement Agreement with the Caltrans Defendants, and the Settlement Plan incorporated in those Settlement Agreements, are fair, reasonable and adequate and in the best interests of the members of the Plaintiff Class.

4.     The Court further finds that the incentive payment of $1,000 for each of the eight named plaintiffs who have served as class representatives, in addition to any other consideration they may receive under the Settlement Agreements, is fair and reasonable, in light of the numerous court hearings that the class representatives have attended, their attendance at numerous meetings with Class counsel, their personal efforts to give notice of the lawsuit and information about the lawsuit to potential class members, and their personal efforts on behalf of the class.

5.     The Court further finds that the attorneys' fees and costs provisions in the Settlement Agreement with the City Defendants were reached after the primary terms of that settlement were reached and were also the product of arms-length and good faith negotiations near the end of the mediation session supervised by Magistrate Judge Snyder. The attorneys fees and costs provisions appear to take into consideration the right of counsel for the Class to seek an award of fees that would be substantially higher than the amount agreed do, the risks of trial, and all other relevant factors. The attorneys fees and costs are paid as additional consideration and are not taken from the consideration paid to the Class. The Court therefore approves the provisions for attorneys fees and costs contained in the Settlement Agreement with the City Defendants.

6.     The Court further finds the Notice and Notice Plan was reasonably calculated to apprise the Class of the pendency of this action and all material elements of the proposed settlement, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice. The Court further finds that it would be in the interests of justice to allow the Settlement Administrator an additional 28 days, to and including August 15, 2008, in which to have the authority to receive and deem valid claim forms seeking to participate in the settlement.

**WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Settlement Agreement with the City Defendants, the Settlement Agreement with the Caltrans Defendants, and the Settlement Plan incorporated therein are hereby ordered approved as fair, reasonable, and in the best interests of the Class. The aforementioned Settlement Agreements have the full force and effect of an order of this Court, and the Settling Parties are directed to implement the Settlement Agreements in accordance with their respective terms and conditions,

provided however that the Settlement Administrator shall have the authority to receive and deem valid claim forms that are received on or before August 22, 2008.

2.  The Court, having finally approved the provision for attorneys fees and costs in the Settlement Agreement with the City Defendants, hereby orders that these fees and costs be paid in accordance with that Agreement.

3.  In accordance with the Settlement Agreements, this action is hereby dismissed with prejudice and the Plaintiffs are barred from future prosecution of their claims without affecting the finality of this Order; however, the Court retains jurisdiction for the purposes of enforcing the Settlement Agreements as provided in clause 3.4.3 of the Settlement Agreement with the City Defendants and clause 3.4.3 of the Settlement Agreement with the Caltrans Defendants.

4.  Under Rule 54 of the Federal Rules of Civil Procedure, the Court, in the interests of justice, there being no just reason for delay, expressly directs the Clerk of the Court to enter this Final Approval Order and Order.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2008.

/s/ OLIVER W. WANGER
Hon. Oliver W. Wanger
United States District Judge

4
PROPOSED] FINAL ORDER APPROVING SETTLEMENT, CIVIL ACTION NO. 06-CV-1455-OWW
DM_US:21337762_1